ALEXANDER P. FILOSA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Filosa v. Commissioner
Docket No. 19074-92
United States Tax Court
T.C. Memo 1993-615; 1993 Tax Ct. Memo LEXIS 630; 66 T.C.M. (CCH) 1705; December 22, 1993, Filed *630 An appropriate order of dismissal for lack of jurisdiction will be entered. Alexander P. Filosa, pro se. For respondent: Lewis J. Abrahams and Amy E. Gross (specially recognized). POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed within the meaning of sections 6213(a) and 7502. The facts may be summarized as follows. On May 22, 1989, Alexander P. and Loretta Filosa filed a joint 1988 Federal income tax return with the Internal Revenue Service. [2] The address, as shown on that return, was 39 Eaton Court, Brooklyn, New York 11229 (the 39 Eaton Court address). A Schedule E attached to that return indicates *631 that petitioner owned residential rental property located at 1963 East 17th Street in Brooklyn (the 17th Street address). This return was selected for examination by respondent. Sometime around July 23, 1991, a representative of petitioner contacted the examining agent and requested that any reports be sent to petitioner at 2074 East 14th Street, Brooklyn, New York 11229 (the 2074 East 14th Street address). On October 3, 1991, respondent received a letter from petitioner bearing the 2074 East 14th Street address. On February 27, 1992, petitioner filed an individual 1990 Federal income tax return with the Internal Revenue Service. The address, as shown on that return, was 2016 East 14th Street, Brooklyn, New York 11229 (the 2016 East 14th Street address). That return also contained a Schedule E showing rental property at the 17th *632 Street address. Prior to the issuance of the notices of deficiency for the 1988 taxable year, respondent conducted a computer search to verify the mailing address stated on petitioner's most recently filed Federal income tax return. The computer search listed the 2016 East 14th Street address as shown on petitioner's 1990 Federal income tax return. On April 6, 1992, respondent sent duplicate original notices of deficiency by certified mail to petitioner and Loretta Filosa at three addresses. Each notice determined therein a deficiency in petitioner's Federal income tax and additions to tax under sections 6651(a)(1), 6653(a), and 6661 for the taxable year 1988 in the respective amounts of $ 6,634.58, $ 449.15, $ 341.08, and $ 1,658.64. The notices were addressed as follows: Alexander P. and Loretta Filosa, 2016 East 14th Street, Brooklyn, N.Y. 11229-3314 Alexander P. and Loretta Filosa, 39 Eaton Court, Brooklyn, N.Y. 11229 Alexander P. and Loretta Filosa, 2074 East 14th Street, Brooklyn, N.Y. 11229 The notice of deficiency mailed to the 39 Eaton Court address was returned to respondent's office on April 30, 1992. The notices mailed to the 2016 East 14th Street and 2074 East *633 14th Street addresses were not returned. Petitioner actually received the notice of deficiency mailed to the 2016 East 14th Street address on or about May 22, 1992. On August 27, 1992, petitioner filed an individual 1991 Federal income tax return with the Internal Revenue Service. The address, as shown on that return, was the 17th Street address. The petition filed with this Court on August 24, 1992, also shows the 17th Street address. Petitioner moved to the 17th Street address "sometime in the middle of March, 1992." The petition was filed on August 24, 1992. It was received by the Court in an envelope bearing United States Postal Service postmark of August 21, 1992. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of deficiency by certified mail to a taxpayer when it is determined that a deficiency exists. Section 6212(b)(1) provides, with an exception not relevant herein, that the notice authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his "last known address." Respondent has the burden of proving that the notice of deficiency was properly mailed. . *634 See , affd. per curiam . If a notice is mailed to a taxpayer within the United States, the taxpayer may file a petition in this Court within 90 days after the notice of deficiency is mailed. Sec. 6213(a). In computing the 90-day period, timely mailing is timely filing. Sec 7502(a). Generally, there are two prerequisites to the jurisdiction of this Court. First, there must be a valid notice of deficiency. Second, the petition must be timely filed. If either the notice is invalid or the petition is untimely, we must dismiss the case for lack of jurisdiction. If the notice is invalid, respondent may be prohibited from assessing and collecting any deficiency. But, if the notice is valid, and the taxpayer does not file a petition within the 90-day period, the deficiency shall be assessed and collected under section 6213(c). See . Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's "last known address." The courts, however, have defined a last *635 known address as the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining whether respondent has mailed a notice to the taxpayer's "last known address," the relevant inquiry pertains to respondent knowledge at the time the deficiency notice is mailed rather than to what may in fact be the taxpayer's most current address. ; ; . The 90-day period for the filing of a timely petition with this Court expired on Sunday, July 5, 1992; therefore, the period within which to file a petition expired on the next succeeding day, July 6, 1992, which was not a legal holiday in the District of Columbia. The petition was not filed until August 24, 1992, and was not timely filed. Petitioner essentially makes two arguments. First, he contends that the notice was not sent to his last known address because at the time that the notice was mailed, his address was *636 the 17th Street address. While this may have been the address at which he was then residing, respondent is not chargeable with knowledge that that address was where he wished the notice to be sent. Indeed, at the time that the notices were mailed, the only references to the 17th Street address were on the Schedule E's attached to his returns. These references hardly constitute notification of his address. In sum, respondent sent notices to all of the addresses that could be reasonably construed to be petitioner's last known address and fully complied with the requirements of section 6212(b). Furthermore, as respondent points out, even if the notices were not mailed to petitioner's last known address, he received actual notice of the deficiencies determined against him in sufficient time to file a timely petition with this Court. The provisions of sections 6212(a), 6212(b)(1), and 6213(a) were intended to provide a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of that determination in this Court without first paying the determined deficiency. , affd. *637 ; , and cases there cited. Providing the taxpayer with actual notice of the deficiency in a timely manner is the substance of the statutory scheme. , affg. ; ; . If mailing results in actual notice without prejudicial delay, it meets the conditions of section 6212(a) no matter to what address the notice successfully was sent. ; see also (taxpayer received the notice approximately 1 month prior to the expiration of the 90-day filing period); (taxpayers actually received the notice 30 days prior to the expiration of the 90-day filing period); *638 (taxpayer received the notice approximately 10 days after it was mailed); and (taxpayer actually received the notice 16 days after it was mailed). Here, petitioner admits he received the notice addressed to the 2016 East 14th Street address "on or about May 22, 1992." He had at least 44 days in which to file a timely petition. He, therefore, had sufficient time remaining after actual receipt of the notice (which warned him of the period within which to file the petition and the result of a failure to do so) in which to timely file a petition. Inactivity, after receipt of the notice, rather than prejudicial delay in receiving the notice, was responsible for the late filing. , affg. ; , and cases there cited. Second, petitioner urges that we consider his petition to be timely filed since it was filed within 90 days after his receipt of the notice. Section 6213(a), however, provides that the 90-day period *639 commences with the mailing of the notice. It is well settled that the notice of deficiency sent to the taxpayer's last known address is valid in situations where a taxpayer does not receive it. See ; . Accordingly, respondent's motion must be granted. An appropriate order of dismissal for lack of jurisdiction will be entered.
Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. While the notice of deficiency was addressed to Alexander P. and Loretta Filosa, the petition was filed only by Alexander P. Filosa, and Loretta Filosa is not a party to this action.↩